## RUTLEDGE v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. October 13, 1927.

No. 7774.

Post office ☞48(4⅓)—Indictment charging use of mails to defraud by means of stock-selling scheme held sufficient as against motion to quash (Penal Code [18 USCA § 338]).

Indictment charging violation of Penal Code, § 215 (18 USCA § 338), for using the mails to defraud by inducing numerous, divers, and sundry persons, including the public generally, to buy shares and certificates in a trust estate, by means of false and fraudulent pretenses, *held* sufficient as against motion to quash.

In Error to the District Court of the United States for the Eastern District of Missouri.

William E. Rutledge was convicted of using the mails to defraud by means of a fraudulent stock-selling scheme, and he brings error. Affirmed.

Frank C. Smith, of St. Louis, Mo., for plaintiff in error.

Louis H. Breuer, U. S. Atty., of Rolla, Mo. (C. J. Stattler, Asst. U. S. Atty., of St.

Louis, Mo., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge. This case comes here on writ of error from the District Court for the Eastern District of Missouri. The sole question involved is the sufficiency of the indictment as tested by defendant's motion to quash.

The defendant was tried, convicted, and sentenced in the Eastern district of Missouri under an indictment charging him with violating section 215 of the Penal Code of the United States (18 USCA § 338), for using the United States mails in aid of and in the execution of a certain scheme and artifice devised by him to defraud and obtain money and property by means of false and fraudulent pretenses from numerous, divers and sundry persons, including the public generally, and particularly of those whom his false representations and false promises should induce to give and pay money and property to him.

The motion is on eight grounds, but, eliminating repetitions, they may be reduced to four as follows:

(1) That the matters and things set forth in the indictment do not constitute any offense against the laws of the United States or charge a violation of section 215.

(2) That the allegations in the indictment are too vague, indefinite, and uncertain to inform defendant of the exact nature of the accusation against him and afford him proper notice to enable him to plead and prepare his defense.

(3) The indictment does not inform the defendant in what respect the alleged false pretenses, representations, and promises were fraudulent, and does not contain an allegation that the alleged scheme devised was to be carried out and executed by use of the United States mails.

(4) Because it appears on the face of the indictment that the offenses alleged therein were barred by the statute of limitations.

A careful examination of the record convinces us that there is no merit in any of the grounds set forth; that the trial court did not err in overruling the same. The indictment consists of 37 typewritten sheets and contains five counts. Conviction, however, was had only on counts 1, 2, and 5, on which the court imposed a sentence of four years under each count, to run concurrently.

No new or novel questions are raised in the motion to quash. Being satisfied that the errors complained of are not well taken, we are of the further opinion that to analyze the long and somewhat tedious indictment to demonstrate the conclusion of the court would serve no useful purpose.

The judgment of the lower court should be, and is, affirmed.